UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**

JUN 2 5 2009

CLERK

| | | |
|---|---|---|
| TRAVIS WHIRLWIND SOLDIER, | ) | CR. 09-3002-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | PETITION FOR WRIT |
| UNITED STATES OF AMERICA, | ) | OF HABEAS CORPUS |
| | ) | |
| Respondent. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Petitioner was charged with conspiracy to distribute and possess with intent to

distribute a controlled substance. The indictment was handed down on December 14, 2005.

Petitioner pleaded not guilty and a jury trial was held. On June 29, 2006, the jury returned a

verdict of guilty. On November 21, 2006, petitioner was sentenced to a period of incarceration

of 188 months. He appealed his sentence and conviction. The Eighth Circuit Court of Appeals

affirmed the District Court in an opinion dated August 24, 2007. See United States v.

Whirlwind Soldier, 499 F.3d 862 (8th Cir. 2007). Petitioner next filed an application for writ of

certiorari with the United States Supreme Court which was denied on February 19, 2008.

Petitioner then filed this application for writ of habeas corpus on February 12, 2009, alleging

that he received ineffective assistance of counsel and requesting an evidentiary hearing.

## DISCUSSION

The Eighth Circuit has held that "[a] § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petition to relief, or (2) the allegations cannot be accepted as true because they are contracted by the record, inherently incredible, or conclusions rather than statement of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). As stated previously, petitioner alleges that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, "[petitioner] must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Petitioner must also prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

### A.     Ineffective Assistance Regarding Plea Negotiations

Petitioner alleges that his counsel failed to provide express advice regarding plea negotiations in that he failed to relay plea offers made by the government and failed to advise petitioner of the advantages of pleading to the offense. The record presented by petitioner, however, belies his allegation that plea offers were not relayed. In an affidavit of petitioner's counsel submitted by petitioner in support of his application for writ of habeas corpus, counsel states, "While I thought that I had explained to [petitioner] all offers that had been made to him by the government, I did not advise him to plead guilty." Docket #1, Exhibit YY. Counsel states that he had relayed and explained all plea offers made by the government. Petitioner cannot now alter the facts to fit his argument.

Counsel does admit, however, that he did not advise his client to accept the plea agreement and plead guilty. The Eighth Circuit has held that "a defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence. . . . To establish prejudice, however, the movant must show that, but for his counsel's advice, he would have accepted the plea." Engelen, 68 F.3d at 241 (citations omitted). Petitioner cannot make this showing based upon the record before the Court.

Petitioner contested the charge at all stages of the proceedings. Most illustrative of petitioner's declaration of innocence is his testimony at trial. He testified as follows:

Q. Okay. Were you - - were you selling?
A. No.
Q. What were you doing?
A. Using.

Trial Transcript, 419, ln 17-20.

Later petitioner testified as follows:

Q. You didn't buy that baggy?
A. No.
Q. Or you didn't sell anything to those guys?
A. No.

Trial Transcript, 424, ln2-5.

He also testified that he had never transferred illegal substances to a number of the witnesses who had testified that he had sold to them. Trial Transcript, 421, 423, 440, 445, 446, and 471. He was adamant that he was not involved in a conspiracy to distribute or possess to distribute methamphetamine. He maintained that he was a user only. Even at sentencing, petitioner stated, "I couldn't accept responsibility for all the drugs that [the prosecutor] was

trying to say I was involved in." Sentencing Transcript, 58, ln 20-22. To petitioner's credit, he

did indicate that he accepted the jury decision. Sentencing Transcript, 58, ln 22-23.

Nonetheless, petitioner had every intention of requiring the government to meet its burden.

Nothing in the record indicates that petitioner would have ever accepted responsibility for his

offense if not compelled by the jury verdict. It is the Court's determination that the record

shows that the plea offers were relayed to petitioner, that petitioner chose to proceed to trial,

and that no advice counsel could have given would have changed the outcome of this matter.

As a result, this claim is denied.

### B. Ineffective Assistance During the Trial

Petitioner also alleges that he received ineffective assistance of counsel because his

counsel had a flawed theory of defense, failed to investigate the matter, and failed to make an

informed evaluation of potential defenses. After a review of the record, the Court finds that

these allegations lack merit.

First, petitioner alleges that his counsel was ineffective because he failed to investigate.

Even assuming that counsel failed to properly investigate the case, petitioner fails to show how

he was prejudiced. Petitioner argues that counsel could have presented evidence regarding the

credibility of the government witnesses, as well as to the reputation and abilities of petitioner.

The record reflects that counsel did attempt to cast doubt upon the credibility of the majority of

the government's witnesses. Trial Transcript, 43-44, 63, 65, 83, 93,97,118, 138, 167, 205-207, 238,

252, 309, 310, 312, 321, 322, 329, 325, 342, 345,357, 363, 371, and 372. Counsel was able to

establish that a number of witnesses hoped to benefit from their testimony by a potential

motion by the government for a reduction of their terms of incarceration. Furthermore,

counsel was able to elicit testimony from witnesses that petitioner did not have access to

prosecutorial files or had the authority to intervene in a federal prosecution. Thus, counsel

elicited the same information that petitioner urges that counsel failed to discover by during a

proper pretrial investigation. Petitioner has not made a substantial showing that but for

counsel's alleged error, the outcome of the trial would have been different. See United States v.

Davis, 406 F.3d 505, 510 (8th Cir. 2005). As a result, the claim of ineffective assistance of

counsel due to failure to investigate must fail.

Petitioner also alleges that counsel had a flawed theory of defense and that counsel

failed to properly evaluate the potential defenses to the crime charged. Petitioner repeatedly

alleges that counsel acted as though he were defending petitioner against a charge of using

methamphetamine as opposed to the charge of conspiracy to distribute methamphetamine.

When reviewing an ineffective assistance claim regarding trial counsel's strategy, the Eighth

Circuit has stated that "[w]e will not second-guess trial strategy nor use the benefit of hindsight

to determine what a better course of action may have been." Williams v. United States, 452

F.3d 1009, 1014 (8th Cir. 2006) (citing Anderson v. United States, 393 F.3d 749, 753 (8th Cir.

2005)).

The theory of defense advanced by counsel was that petitioner was a user of

methamphetamine but had not endeavored to distribute the substance. He was merely

procuring narcotics for his own use and had not joined any agreement to distribute or possess a

narcotic with the intent to distribute at any time. During closing argument, counsel argued as

follows: "The fact that a transfer or a purchase has or has not taken isn't really the – it really

isn't the essence of this case. The case is whether or not this agreement existed, whether or not

he voluntarily joined in, whether he knew the purpose." Trial Transcript, 515, ln 19-23. Later on in his argument, counsel stated, "when you talk of a conspiracy, I mean, there's – all you have is a user here, is a user that basically wanted --wanted to secure small amounts of meth so that he could use it. That's all we have. We do not have a conspiracy to do anything in this particular case." Trial Transcript, p. 526, ln 22-25 to p. 527, ln 1.

This theory of the defense was further presented in the jury instructions. Instruction No. 21 states in part that

> [t]he defendant contends that he is not guilty of the crime charged. He contends that he only used methamphetamine which you are instructed here that he is not charged with. He contends that any drug transaction in which he participated involved only a buyer and seller without any prior contemporaneous understanding beyond the sale. He contends that while he may have been present at the scene of an event or associated with those who distributed, he did not voluntarily and intentionally join in, or know the purpose, of any agreement by others to conspire to distribute or possess with intent to distribute methamphetamine.

Counsel clearly had a theory of defense. The Court finds that this theory falls within the realm of reasonableness. The Court will not now second-guess counsel's trial strategy. Petitioner has not alleged any other theory that could have been presented. Rather, petitioner has made conclusory statements regarding the quality of the theory and the availability of other defense theories. Petitioner has not shown that he was prejudiced by counsel's actions. As a result, the Court finds that this claim is not viable.

Petitioner also alleges that counsel failed to advise him of his rights before he testified on his own behalf at trial. Petitioner alleges that counsel did not discuss with him that it was petitioner's determination if the was to testify, what petitioner would testify to, the ramifications of his potential testimony, including the impact on petitioner's constitutional

rights. Petitioner claims that but for counsel's insistence that he take the stand, he would not

have testified and therefore, would not have received an enhancement for obstruction of justice

for perjuring himself while under oath. This allegations fails for many reasons.

First, it was counsel's theory that petitioner was a user, not a dealer, and therefore, was

not involved in a conspiracy to distribute a controlled substance. It was a reasonable strategy

to have petitioner testify as to his addiction to and use of narcotics.

Even if counsel acted unreasonably in advocating that petitioner testify on his own

behalf, petitioner cannot show that he was prejudiced by counsel's actions. Petitioner is a law

school graduate. Trial Transcript, 434, ln12-16. He undoubtedly took, and passed, the courses

on criminal law, criminal procedure and constitutional law. Moreover, he was employed as the

tribal public defender at the time of the offense. Trial Transcript, p. 414, ln 1-13. He testified to

advising clients of their rights during different stages of criminal proceedings, including trials.

Trial Transcript, pp 417, 427, 431. He, as much as any lawyer in the nation, understood the

consequences of his testimony. He received an enhancement for obstruction of justice because

he chose to perjure himself while under oath. He would not have received the enhancement if

he had testified truthfully. Counsel cannot be made the scapegoat for petitioner's failure to tell

the truth on the stand. Petitioner has not shown that counsel's actions were unreasonable or

that he was prejudiced by counsel's actions. As a result, this ground shall be dismissed.

### C.  Ineffective Assistance During Sentencing

Petitioner also alleges that he received ineffective assistance of counsel at the sentencing

stage of the proceedings. Petitioner alleges that counsel was ineffective because he failed to

present mitigating evidence and witnesses to the Court during the sentencing. Petitioner

contends that counsel acted as though the Guidelines were mandatory and ignored the sentencing factors set forth in 18 U.S.C. § 3553. Petitioner states that witnesses were available to testify to petitioner's veracity and contributions to society. Petitioner argues essentially that if counsel had presented this mitigating evidence, the Court would have been more lenient in sentencing.

In fact, the record indicates that counsel submitted a sentencing memorandum prior to the sentencing hearing. CR.05-30127, Docket #108. In that memorandum, counsel argued the quantity with which petitioner should be accountable, petitioner's role in the offense, and requested that the Court not apply an enhancement for an abuse of trust but apply a downward departure for aberrant behavior, extraordinary circumstances, rehabilitative efforts, petitioner's children's needs, petitioner's addiction, and the likelihood that petitioner would face violence while incarcerated. Counsel also addressed each of the factors set forth in 18 U.S.C. § 3553.

Counsel is an experienced attorney with vast experience with the federal criminal system. At the sentencing hearing, counsel came prepared to argue a number of different things. Particularly, counsel was prepared to present evidence and witness testimony regarding the quantity of narcotics upon which petitioner's sentence should be based. Sentencing Transcript, p. 17, 24. Numerous letters were also sent to the Court regarding petitioner's character and history. Sentencing Transcript, p. 42. Counsel also specifically addressed the factors under 18 U.S.C. § 3553. Sentencing Transcript, 46-52. Petitioner has not shown that counsel's efforts were unreasonable or that he was prejudiced by counsel's actions. As a result, the Court will not grant a writ of habeas corpus on this ground.

### D. Counsel's "Admission" of Ineffective Assistance

All throughout the petition for writ of habeas corpus, petitioner attempts to make much of several statements made by counsel and the Court. Petitioner particularly notes the following colloquy:

The Court: Mr. Pechota, I don't want to be unfair to you, but perhaps I am. Why didn't Mr. Travis Whirlwind Soldier go to the authorities and tell the authorities that he has a drug problem he needs help, he'd like to take treatment; and when he became indicted, why did he fight this all the way up to this day? Why didn't he plead guilty and get, perhaps, a reduction and recommendation for reduction of sentenced under 5K1? He stonewalled this whole process. I recognize he has a right to do that if he wants to.

Mr. Pechota: I can answer that. Jay is here. I have a lot of respect for Mr. Miller. He will tell me if I am wrong. Mr. Miller really had, as you can see from his comments on the sentence, he really had a pretty - - he wasn't - - I mean, I probably could have got two or three points on acceptance, but that's all I could have got out fo this thing, Your Honor. Mr. Miller had never diminished or never took the position that he was going to make any concessions on the drug quantities in this case. It was a relatively high - - if we could have come in here on a plea, Your Honor, you know, we were probably looking at a very very high - -

The Court: What's wrong with just trying to get a 5K1 departure for acceptance and cooperation? I mean, I realize 188 months is a long time, but I think he could have avoided it.

...

Mr. Pechota: We went to trial. What can I say about that. Blame that onto me, maybe. You know. I don't tell defendants what to do. I say if you want to go to trial, I'll go to trial.

The Court: Maybe you should tell them.

Mr. Pechota: Maybe I should.

The Court: You are looking out for the client's best interests.

Mr. Pechota: I understand.

| The Court: | This case should have never gone to trial. You should have tried to work out a situation where you would get the government to agree to reduce this sentence for cooperation. He could have been one of these people who went in and testified against these other 18 people; and they got acceptance, they got reductions because they cooperated. |
|---|---|
| Mr. Pechota: | Well, Your Honor, maybe that's - - I mean, I'll take the blame for that. But you know, you're awful smart on hindsight. And so get me a little - - give me a little fudge factor here on that. But, I mean, it's not his fault. But I have known this kid since he was in diapers. When he was 14 years old he was on my basketball team . . . . If I'd have known that he was a user, I would have got him into treatment on this particular matter. . . . But I beseech you, and I am on my knees asking you, Your Honor, not to give this young man 188 months. I think it's not need in this case. I don't think that you will ever see him back before the Court. Thank you. |

Sentencing Transcript, 52-55.

While the Court disagreed with the decision to proceed to trial, the exchange between the Court and counsel was not intended to suggest that counsel was ineffective. Counsel has vast experience and has effectively represented countless numbers of clients in federal court. It is clear to the Court that counsel's wish to accept responsibility for the decision to go to trial is based upon counsel's personal feelings for petitioner. It is obvious from counsel's comments that counsel had a long-standing relationship with petitioner and did not wish to see petitioner in trouble. The Court, however, will not relieve petitioner from responsibility for the decision to go to trial.

## CONCLUSION

The Court finds that the record is sufficient to determine that petitioner's claims have no basis. Petitioner is a well-educated, law-trained individual. As a public defender, he should have been aware of the legal ramifications of his decisions. Counsel was not dealing

with an unsophisticated client who needed to be led through the system. Moreover, counsel

acted in a reasonable manner. His representation of petitioner did not fall below the

requirements of the Constitution. Accordingly, it is hereby

ORDERED that petitioner's motion for an evidentiary hearing (Docket #1) is denied.

IT IS FURTHER ORDERED that petitioner's application for writ of habeas corpus

(Docket #1) is denied.

Dated this 25th day of June, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE